927 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russell Cox DEAN, Defendant-Appellant.
 No. 90-1419.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1991.
 
 On Appeal from the United States District Court for the Western District of Michigan, 88-00064, Gibson C.J.
 W.D.Mich.
 AFFIRMED.
 Before RALPH B. GUY, Jr., and BOGGS; Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Russell Dean, was convicted of four counts of distributing heroin and four counts of using a telephone to facilitate such distribution. Dean is now appealing these convictions, and his counsel has filed an Anders[1] brief, which reflects a careful review of the record and sets forth all of the incidents that occurred during trial that could be conceived of as error.
 
 
 2
 Upon a review of the matters set forth as possible errors, we conclude that no prejudice occurred to the defendant requiring a reversal. Accordingly, we affirm.
 
 I.
 
 3
 Defendant was implicated in the charged drug transactions primarily through the testimony of William Carthen. Carthen was a cooperating informant working with the FBI. All of the drug sales charged were tape recorded as a result of Carthen wearing a hidden recording device during the drug transactions. Faced with overwhelming incriminating evidence, Dean elected to rely on a defense of entrapment, since all of the drug transactions were between him and a person working for and being paid by the FBI. Once it became apparent that entrapment was to be the defense, the government offered substantial evidence as to predisposition.
 
 II.
 
 4
 We find that no useful purpose would be served by reviewing each of the claimed errors seriatim. Counsel for defendant has identified seven trial incidents having the potential for error. Of these, three relate to testimony relative to uncharged drug transactions that normally would not be admissible, but were admissible here on the issue of predisposition. Two incidents relate to unsuccessful attempts by the government to introduce arguably inadmissible evidence. This evidence was not considered by the jury. An additional incident concerns a non-responsive answer given by an FBI agent on cross-examination, which resulted in no prejudice. The final claim of error concerns the government calling a witness to attest to the defendant's reputation as a drug dealer. This testimony was admissible on the issue of predisposition. Defendant claimed at trial that the conviction record of this witness furnished by the government to the defendant was incomplete. It is conceded, however, that the witness testified truthfully at trial and admitted to those offenses which were not included on the rap sheet. Clearly, no prejudice occurred.
 
 
 5
 In sum, we find no error in most of the trial incidents called to our attention, and no prejudicial error stemming from the incidents that arguably were subject to objections. Our own review of the trial record reveals that defense counsel has done an admirable job in meeting his Anders responsibilities and setting before this court any and all substantive or procedural irregularities that might have constituted error.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Anders v. California, 386 U.S. 738 (1967)